IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

 vs.                                                    CIVIL NO. 08-352 BB/LFG
                                                        CRIM. NO. 04-2395 BB

GLENN DELL COOK,

    Defendant-Movant.

**ORDER ADOPTING MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDED DISPOSITION
AND DISMISSING CASE WITH PREJUDICE**

THIS MATTER came before the Court on the Magistrate Judge's Findings and Recommended Disposition filed November 10, 2008 [Doc. 21], and on Defendant-Movant's Objections [Doc. 22] to the proposed findings and recommended disposition. The Court conducted a *de novo* review of those portions of the Magistrate Judge's findings and recommended disposition to which Defendant-Movant objects.

Defendant-Movant Glenn Dell Cook ("Cook") contends that the Magistrate Judge erred in failing to hold an evidentiary hearing on his claims. As Cook notes, the federal statute governing habeas for federal prisoners provides that the district court shall hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court finds that the Magistrate Judge thoroughly considered the record in this case and reached a reasoned decision that no evidentiary hearing was necessary. *See*, United States v. Marr, 856 F.2d 1471, 1472-73 (10th Cir. 1988).

It was not necessary for the Magistrate Judge to state explicitly that no evidentiary hearing was necessary, as the entire thrust of the Findings and Recommended Disposition was to the effect that Cook failed to establish a basis for habeas relief.

The Court has carefully considered Cook's objections. They consist essentially of a restatement of the grounds asserted in the initial petition, and the Court finds no reason to overturn the Magistrate Judge's analysis.

In particular, the Court rejects Cook's assertion that attorney Harris committed a "gross mistake" in failing to file a motion to suppress the methamphetamine evidence found in the second search of the motel room, based on counsel's lack of investigation into this issue. The record indicates that Harris's decision to forgo a suppression motion was based on factors other than a failure to investigate, *i.e.*, the fact that an assertion of standing would undercut Cook's entire defense strategy.

The Court further rejects the contention that Harris's decision to forgo opening statement was "an inherently incompetent move." Harris does not make clear what Harris might have said in opening that would have made a difference in the outcome. Cook's objections to the Magistrate Judge's findings regarding various aspects of Harris's performance at trial are basically restatements of arguments earlier made and which the Magistrate Judge reasonably found unconvincing. Cook also contends that Harris's mistake in closing, in referring to his client by the name of a co-defendant was "unforgivable." As the Magistrate Judge pointed out, this was a momentary misstatement which was immediately corrected; it is mere speculation to contend that it altered the result of the trial.

In his objections, Cook again raises counsel's handling of Cook's testimony, arguing that Harris failed to properly prepare his client. The Magistrate Judge found that while counsel could have handled Cook's direct testimony more skillfully, Cook failed to establish the prejudice prong on this issue. The Magistrate Judge further found that Harris's performance in this regard did not contribute to a "cumulative error" analysis. The Court agrees. While Cook's testimony as to his prior convictions was not optimal, the Court cannot say that it was devastating. As the Magistrate Judge pointed out, a criminal defendant is not entitled to a perfect defense. The Court finds that Cook received a fair trial, with constitutionally adequate legal representation.

## **ORDER**

IT IS THEREFORE ORDERED that the Findings and Recommended Disposition of the United States Magistrate Judge are ADOPTED by the Court.

IT IS FURTHER ORDERED that the Motion under 28 U.S.C. § 2255 is DENIED, and the case is DISMISSED with prejudice.

_____
UNITED STATES DISTRICT JUDGE